Nicholson, C. J.,
delivered tbe opinion of tbe court:
In tbe early part of 1866, Frank Y. Carlisle died in Shelby county, Tenn., and in March, 1866, bis widow, Louisa IT. Carlisle, administered on bis estate, and gave bond and security for tbe administration.
On tbe 25th of January, 1868, H. B. Cramner, a citizen of Illinois,- commenced bis suit in the district court of tbe United States for "West Tennessee, against Louisa H. Car-lisle, as administratrix, etc., in which he sought to- recover judgment, for several large amounts of money, alleged to be due him from Frank Y. Carlisle.
This suit continued pending in the federal court, without prosecution to judgment, until December 26, 1872, when, without dismissing bis suit in the federal court, Cramner went into the county court, and, as creditor of Frank Y. Carlisle, suggested tbe insolvency of his estate, and immediately filed the present bill, making the necessary allegations to have tbe estate administered in tbe chancery court at Memphis, under the insolvent laws, setting up the same claims involved in bis suit in the federal court, and seeking to set aside certain conveyances of real property in Memphis, made by Carlisle to- the adminis-tratrix, as fraudulent and void, and praying to- have the *444 same soid and the proceeds distributed pro rata among the creditors of Carlisle.
The bill was demurred to by Louisa Ii. Carlisle, mainly on the ground that the claims of Cramner were barred by the statutes of limitations as prescribed in secs. 2279 and 2784 of the Code [Shannon’s Code, secs. 4012, 4481.]
The chancellor overruled the demurrer, and the defendants have appealed.
According to the allegations of the bill, the administra-trix went on from March, 1866, the date of her appointment, until December, 1872, settling the estate by paying off some claims in full and others in part, but leaving many unpaid, having taken no steps during this time to close the estate under the insolvent laws, although it is alleged, and Ave are to assume the allegations to be true, that the estate Avas largely insolvent. At the end of more than six years, after administration granted, Cramner, claiming to be a creditor, brought fonvard his claim and commenced his suit to recover his debt under the proceedings to Avind up insolvent estates. He had a right, after suggesting the insolvency in the county court, to‘ file the bill as a creditor. Sec. 2366 [Shannon’s Code, sec. 4106.] The filing of the bill Avas such proceeding for the recovery of his claim as Avas sufficient to prevent the bar of the statute from that time, and would entitle him to proceed to have the estate closed, if his claim was then a valid, subsisting debt against the estate.
It is clear that if the filing of this bill is to be regarded as the commencemnt of his demand and suit to recover his debt, he then had no status in the court. As we have seen, administration Avas granted on Carlisle’s estate more than six years before the bill was filed.
But it has been already stated that Cramner had instituted suit in the federal court, sitting in West Tennessee, to recover his claim as early as the 25th of January, 1868, less than three months [years] from the date of the admin *445 istration, which suit was still pending when the bill was filed in December, 1872.
It is insisted that this was such a demand and suit for the recovery of his debt by Cramner as saved the bar of the statute. The ease narrows itself down to the question whether a suit brought by a creditor, living in another state, in the district court of the United States, having jurisdiction over the administratrix, is to bring such.a suit as is contemplated by sec. 2279 of the Code [Shannon’s Code, 4012.]
It is true that a suit brought by a creditor in a foreign state would not be effectual to prevent the bar, but it is not true, as argued, that a district or circuit court of the United States for the western district of o-ur state, can be regarded as a foreign court. The jurisdiction of such court, is, in some respects, separate and distinct from that of the state courts, but in the cases provided for in the United State constitution, their jurisdiction is concurrent with that of the state courts. Hence, a nonresident creditor has an election to sue to recover his debt in either court, and the judgment rendered in one is as effectual for his recovery as in the other. The object of the law is to prevent delay in the settlement of estates, and this is as well accomplished by suing in the federal as in the state courts, and the bar of the statute is as effectually prevented by suits in the one as in the other.
The act of 1789 [Code, sec. 2279, Shannon’s Code, sec. 4012], was enacted without any reference to our insolvent system, and long before it was adopted. It contemplated the bringing of suits and prosecuting them to judgments as the means of recovering the debts sued on. When this is done, the foreign creditor has avoided the statutes of limitation, whether he has sued in a state-or federal court.
But, in the present case, the creditor has undertaken to resort to the chancery court for the purpose of availing himself of our insolvent system of settling estates, in ob *446 taining a pro rata satisfaction of his claim, without having prosecuted his suit in the federal court to judgment, and without abandoning that suit. Ordinarily, a party is not allowed to prosecute two suits in different tribunals for the same cause of action, and the commencement of a new suit for the same cause of action might be held as an abandonment of the first suit, or he might be forced to elect. In such case, the statute of limitations might be interposed as a bar to the second suit. This rule, however, is not applicable to proceedings under our insolvent system. If the administrator fails or refuses to suggest the insolvency of an estate, any creditor may do so. But whether the administrator or creditor makes the suggestion in the county court, and transfers the estate for administration to' the chancery court, the chancellor is authorized to enjoin the further prosecution of suits, or he may allow pending suits to be prosecuted to judgments, and be then filed in the insolvent proceedings. A creditor who has a suit pending to recover his debt in a law court, has the same right to make the suggestion of insolvency, and transfer the estate to the chancery court, as the administrator or any other creditor. By so doing, he does not abandon his suit at law, but it is in the discretion of the chancellor to enjoin him and other creditors having suits pending from proceeding at law, or he may allow them to proceed to judgment. [See Shannon’s Code, secs. 4123, 4124]. The injunction in such cases do not operate upon or interfere with the jurisdiction of the law courts — it operates upon and restrains the parties prosecuting such suits.
In the present cuse, Cramner sets out in his bill the pendency of his suit, and prays generally that injunctions be granted, but specially asks to be allowed to prosecute his suit to judgment. Whether he is allowed to proceed to judgment in the federal court, or is enjoined from proceeding further, and is required to establish his claim in *447 tbe chancery court, we are of opinion be will have saved tbe bar of tbe statute.
Chancellor Morgan so beld, and we affirm bis decree, and remand the cause for further proceedings.